IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RYAN JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-2214-N-BN |
| | § | |
| CITY OF CARROLLTON, TEXAS, ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER TO STAY AND ADMINISTRATIVELY CLOSE CASE**

Plaintiff Ryan Johnson filed a *pro se* complaint against Defendant City of Carrollton, Texas and one of its police officers based on alleged violations of Johnson's constitutional rights. *See* Dkt. No. 3.

Senior United States District Judge David C. Godbey referred Johnson's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

On October 28, 2026, the City moved to dismiss Johnson's initial complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 17 (citing Dkt. No. 3).

Prior to the City's filing this motion, Johnson filed the one amended complaint allowed as a matter of course under the rules [Dkt. No. 14]. *See* FED. R. CIV. P. 15(a)(1)(A); *compare* Dkt. No. 14 (filed Oct. 20, 2026), *with* Dkt. No. 15 (proof of service reflecting that Defendant City of Carrollton was served on Oct. 13, 2026).

And, so, the Court requested that the City address (by November 13, 2026) whether its motion to dismiss was moot.

On November 13, the City responded by moving to dismiss the amended complaint [Dkt. No. 22], explaining in part that the facts alleged in this civil case "intrude on pending municipal prosecutions," and, so, "this Court lacks jurisdiction," *id.* at 1; *see id.* at 4-6; Dkt. No. 22-1 (filings from *State of Texas v. Ryan Alexander Johnson*, No. 00715660 (Mun. Ct., City of Carrollton, Tex.); *cf. Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (per curiam) (under Federal Rule of Evidence 201, a district court may "take judicial notice of the state court's orders, final judgment, and docket as matters of public record attached to the motion to dismiss" (citations omitted)).

Johnson responded to the motion the next day. *See* Dkt. No. 23.

And, for the reasons set out below, the Court will stay and administratively close this civil proceeding.

**Discussion**

"Federal courts do not abstain … because they lack jurisdiction; rather, [ ] abstention 'reflects a court's prudential decision not to exercise [equity] jurisdiction which it in fact possesses.'" *Weekly v. Morrow*, 204 F.3d 613, 614-15 (5th Cir. 2000) (cleaned up); *see also New Orleans Pub. Serv., Inc. v. City Council of New Orleans*, 491 U.S. 350, 359 (1989) (Federal courts possess "discretion in determining whether to grant certain types of relief – a discretion that was part of the common-law background against which the statutes conferring jurisdiction were enacted. Thus, there are some classes of cases in which the withholding of authorized equitable relief because of undue interference with state proceedings is the normal thing to do. We

have carefully defined, however, the areas in which such abstention is permissible, and it remains the exception, not the rule." (cleaned up)); *see, e.g.*, *Stinson v. McGinnis*, No. 3:23-cv-810-M-BN, 2024 WL 4152703 (N.D. Tex. Aug. 16, 2024), *rec. accepted*, 2024 WL 4151175 (N.D. Tex. Sept. 11, 2024) (denying dismissal under Federal Rule of Civil Procedure 12(b)(1) based on *Colorado River* abstention).

But, "[j]ust as [federal courts] must ensure the existence of [their] subject-matter jurisdiction, [they] must also ensure that exercising it does not offend principles of 'Our Federalism.'" *Netflix, Inc. v. Babin*, 88 F.4th 1080, 1090 (5th Cir. 2023) (cleaned up).

In this regard, under *Younger*, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in certain, select state proceedings.

But *Younger* abstention "applies only to three exceptional categories of state proceedings: ongoing criminal prosecutions, certain civil enforcement proceedings akin to criminal prosecutions, and pending civil proceedings involving certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions." *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016) (cleaned up).

As to *Younger*'s application to ongoing criminal prosecutions, this Court should abstain except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *See Burgett v. State of Tex.*, No. 7:04-cv-227-R, 2005 WL 473680, at *1 (N.D. Tex. Feb. 28, 2005) (collecting cases); *Younger*, 401 U.S. at 43-45; *cf. Burton v. Procter & Gamble Co.*, No. 3:17-cv-1190-B-BN, 2018 WL 1115138

(N.D. Tex. Jan. 30, 2018) (noting *Younger*'s application to ongoing state proceedings to determine competency), *rec. accepted*, 2018 WL 1115363 (N.D. Tex. Feb. 27, 2018).

The requirement that a plaintiff prove "extraordinary circumstances" to obtain federal relief is grounded in the principals of comity and federalism. *Younger*, 401 U.S. at 44. And those principles inspired the policy of preventing federal courts from issuing injunctions or declaratory judgments while state court proceedings were ongoing. *See Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977).

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (cleaned up; citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)); *accord Hood*, 822 F.3d at 222-23; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that the state procedures will afford an adequate remedy."); *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights"); *Moore v. Sims*, 442 U.S. 415, 425-26 (1979) ("Certainly, abstention is appropriate unless state law clearly bars the interposition of the constitutional claims."); *Gates*,

885 F.3d at 880 ("The relevant question is whether the would-be federal plaintiff has the *opportunity* to raise his federal claims in state court." (citing *Moore*, 442 U.S. at 425)).

And, faced with the choice under *Younger* of staying or dismissing without prejudice, it appears that, out of an abundance of caution, the better course is to stay. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) ("[B]ecause his claims may become time-barred by the time the state prosecution has concluded, the district court should have stayed rather than dismissed Gakuba's civil-rights claims." (citations omitted)); *accord Esquibel v. Brian Williamson*, 421 F. App'x 813, 816 (10th Cir. 2010); *Rhoden v. Mayberg*, 361 F. App'x 895, 896 (9th Cir. 2010) (mem.).

But, insofar as a plaintiff may seek damages, "*Younger* is not applicable to claims for damages." *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014) (per curiam) (citing *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994)); *accord Jones v. Prescott*, 702 F. App'x 205, 209 (5th Cir. 2017) (per curiam).

Nevertheless, "a court should stay proceedings in a [civil] case brought by a [criminal defendant awaiting trial] until the related pending criminal case is resolved." *Gross v. Normand*, 576 F. App'x 318, 319 (5th Cir. 2014) (per curiam) (citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)); *see Mackey*, 47 F.3d at 746 ("At this point[– post-arrest but pre-conviction –]it is simply premature to determine whether or not Mackey's damage claims are barred under *Heck[ v. Humphrey*, 512 U.S. 477 (1994)]…. [So, t]he court may – indeed should – stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that

time it may be difficult to determine the relation, if any, between the two."); *Anderson v. Galveston Cnty. Dist. Clerk*, 91 F. App'x 925, 2004 WL 75452, at *1 (5th Cir. Jan. 14, 2004) (per curiam) ("Anderson's complaint, given its most liberal construction, sought damages for the denial of his Sixth Amendment right to a speedy trial. A determination that Anderson's Sixth Amendment right to a speedy trial was violated would necessarily implicate the invalidity of his conviction, and Anderson has not shown that his conviction has been overturned or otherwise declared invalid." (citing *Heck*, 512 U.S. at 486-87)).

Here, the Court may take notice that state criminal charges have been filed against Johnson based on a May 2026 encounter with a Carrollton police officer, the same encounter that is the basis for his amended complaint. And, so, Johnson is currently being prosecuted for unlawfully driving and operating a passenger car on a public street, while Johnson alleges in this Court that he was subjected to an "unlawful roadside seizure, pretextual interrogation tactics, and retaliatory force" and "unlawful interior canine search and prolonged detention," all in violation of this constitutional rights and state law. *Compare* Dkt. No. 22-1 at 3, *with* Dkt. No. 14.

So, if Johnson is later convicted, and that conviction is not set aside, some of his civil claims may not become barred by *Heck*.

Still, it would maker later sense to allow this civil case to proceed now, while that prosecution is pending considering the legal standards set out above.

**Conclusion**

This case is therefore STAYED AND ADMINISTRATIVELY CLOSED.

But nothing in this order shall be considered a dismissal or disposition of this case, as "[t]he effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; i.e., administratively closed cases are not counted as active." *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004) (citation omitted).

Even so, the United States District Clerk is instructed to submit a JS-6 form to the Administrative Office, thereby removing this case from the statistical records.

And the Court instructs Plaintiff Ryan Johnson (1) that he must file a motion to reopen the case within 60 days after entry of judgment in the applicable state criminal court case and (2) that the failure to do so may result in the dismissal without prejudice of this case for failure to prosecute and/or comply with an order of the Court. *See* Fed. R. Civ. P. 41(b).

SO ORDERED.

DATED: November 16, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE